C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

- against -

ROBIN ALAN FULLER,

              Defendant.

-------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

16-cr-254 (BMC)

**COGAN**, District Judge.

      Defendant *pro se* seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his medical conditions and his potential exposure to the COVID-19 virus. On October 18, 2017, I sentenced him to 97 months' custody and 5 years of supervised release pursuant to his guilty plea to possessing a large volume of child pornography, including some involving infants and sadomasochistic activity involving prepubescent girls. At sentencing, he was remorseless for his crime, seeking to place responsibility on his granddaughter and her cousin. He also tried to convince me that he had muscular dystrophy. Based on abundant evidence, I found that he was malingering, and I observed that defendant was a con artist, a liar, and "a grifter of epic proportions." I will not burden the record again with what I still believe was an overwhelming basis for this conclusion. The Second Circuit substantively affirmed his sentence. See United States v. Fuller, 801 F. App'x 14, 16 (2d Cir. 2020).

      Assuming that defendant has exhausted his compassionate release claim through the Bureau of Prison's administrative process, he must satisfy the two criteria for compassionate release: (1) "extraordinary and compelling reasons" for release and (2) a balance of the

sentencing factors under 18 U.S.C. § 3553(a) that weigh in his favor.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Because defendant has filed this motion for compassionate release, the Court has discretion to determine what reasons are "extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020).  Defendant meets neither of the two criteria.

First, as to "extraordinary and compelling" circumstances, all that he points to is that he is in an elevated risk group for COVID-19 – he is 66 years old with medical records principally showing high blood pressure and reported chest and jaw pain.  But like many other judges in this circuit, I do not believe that the potential of exposure to COVID-19, even for a member of a high-risk population, constitutes extraordinary and compelling reasons for compassionate release.  See United States v. Ellis, No. 96-cr-100, 2020 WL 5802312, at *2 (E.D.N.Y. Sept. 29, 2020) (collecting cases); see also United States v. Bolino, No. 06-cr-806, 2020 WL 6136258, at *2 (E.D.N.Y. Oct. 19, 2020).  Defendant has been tested repeatedly for COVID-19 – he is an extensive consumer of medical services – and each time he received a negative result.  Although he asserts in his motion that the failure to release him will "spell doom," that is hyperbole.  He also stated on at least one occasion prior to his guilty plea that he would not survive another year, and yet he has.

The factors under 18 U.S.C. § 3553(a) do not weigh in defendant's favor.  Nothing has changed from the date of sentencing.  He has not submitted anything showing productive use of his time while in custody or that he has changed in any way.  His crime was one of depravity, involving depictions of tortured children.  His skill at deceit, including self-deception, makes him a continuing threat to the public.  Specific deterrence is still necessary.

Having shown neither "extraordinary and compelling" circumstances nor that the § 3553(a) factors weigh in favor of compassionate release, defendant's motion [62] is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 6, 2020